# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LUCRETIA L. STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.16-2781-DDC-KGG |
| | ) |
| CREDIT ONE BANK, N.A., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel. (Doc. 43.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Plaintiff brings the present action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Plaintiff contends that Defendant Credit One Bank, N.A. ("Defendant") "willfully or negligently, violated" the FCRA "by failing to respond to reinvestigation requests and failing to supply accurate and truthful information." (Doc. 1-1, at ¶ 27.) Plaintiff alleges that Defendant "knew or should have known that its reporting and activities would (and will) damage Plaintiff and ability to enjoy life and utilize the credit rating and reputation property rights secured by honoring obligations to all of creditors." (*Id.*, at ¶ 31.)

After Plaintiff served the discovery requests at issue, the parties engaged in various "meet & confer" efforts, as well as an informal telephone conference with the Court, which occurred on July 6, 2017. (Doc. 44, at 3.) Plaintiff filed the present motion on July 10, 2017, which Plaintiff asserts "reflects a narrowing of the originally propounded discovery requests . . . ." (*Id*.) Defendant's response in opposition followed on July 24, 2017. (Doc. 48.) A week after filing its responsive brief, Defendant provided Plaintiff with an additional production of documents, which Plaintiff argues in her reply brief was "insufficient." (*See* Doc. 51, at 1.)

Plaintiff's motion relates to Defendant's responses to Requests for Production Nos. 7, 10, and 13. (Doc. 43-1.) The Court will address each request in turn. Because neither party included Defendant's written discovery responses or supplemental discovery responses as exhibits to their briefing, the Court must merely rely on whatever arguments are made in the parties' briefs.

## **DISCUSSION**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant

2

> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden
> or expense of the proposed discovery outweighs its likely
> benefit. Information within this scope of discovery need
> not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. Within this framework, the Court will review the contested discovery responses.

### A.   Employee Training Policies & Procedures (Request No. 7).

Plaintiff's Request for Production No. 7 sought "documents regarding Credit One's training and evaluation of personnel who handle or process consumer disputes or requests for reinvestigation, including how often such personnel receive such training, and are evaluated." (Doc. 43-1, at 4.) As a result of the "meet & confer" process, this request was initially narrowed to "documents regarding the training, evaluation, and job descriptions of the personnel who respond to FCRA consumer disputes/ACDVs received from consumer reporting agencies." (Doc. 44, at 9.)

Defendant's brief in opposition argued that Plaintiff failed to provide "authority to suggest that 'how well trained and experienced [Defendant's] employees are, or how Defendant evaluates the performance of its consumer investigation personnel' is within the scope of evidence that could support a claim

3

of a willful violation . . . ." (Doc. 48, at 4.) Defendant also argues that the request "is not narrowly tailored or proportional to the needs of the case" because it seeks information on all personnel who respond to any FCRA disputes, "rather than only the dispute at issue in this case." (*Id*.)

Defendant's recent supplemental production included "an additional portion of its FCRA dispute resolution manual, and also produced a list of job descriptions for various customer support specialist positions, which Plaintiff assumes would be the individuals responsible for responding to FCRA consumer disputes and ACDVs received by Defendant from the credit reporting agencies." (Doc. 51, at 2.) Plaintiff now contends that "[l]acking from Defendant's supplemental production, however, is <u>documentation relating to how those employees' performance was evaluated or graded</u>." (*Id*. (emphasis added).) Based on the arguments contained in Plaintiff's motion and reply brief, this is all that remains at issue regarding Request No. 7 – documentation relating to <u>how</u> those employees' performance was evaluated or graded.

Given the information provided in Defendant's supplemental production, the Court finds that documentation (such as written policies, procedures and/or guidelines) relating to how Defendant evaluates or grades its employees responsible for responding to FCRA consumer disputes and ACDVs is not overly

4

broad or disproportionate to the needs of the case. Defendant has failed to make a showing of overbreadth or undue burden to provide the requested information.

Plaintiff continues that the need for this information has "become more imperative" because the individual who actually responded to Plaintiff's dispute, Angelica Andres, is no longer employed by Defendant, effectively denying Plaintiff the opportunity to depose her. (*Id*., at 2.) This infers that Plaintiff is seeking more than just the *how* of the evaluation process; she is also seeking the *results* of that process.

To the extent Plaintiff is seeking the actual *results* of personnel evaluations or reviews of specific employees – rather than merely *how* such employees are graded or evaluated – the Court finds that such information regarding Ms. Andres (or any other employee shown to have been specifically responsible for responding to **Plaintiff's** FCRA consumer dispute and/or ACDV) is relevant, discoverable, and proportionate to the needs of the case. Information as to the grading and evaluation results of all individuals responsible for responding to any FCRA consumer disputes and ACDVs received by Defendant, however, is facially overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff's motion is **GRANTED** as to Request No. 7 within these parameters.

**B.      Agreements as to Reporting of Consumer Credit Information (Request**

No. 10).

Request No. 10 seeks "[a]ll agreements under which Credit One reported consumer credit information to any of the national reporting agencies." (Doc. 43-1, at 7.) Defendant's responsive brief states that Plaintiff "narrowed Request No. 10 to encompass only Credit One's agreement with Equifax. Credit One has produced this agreement to Plaintiff. Thus, Credit One does not believe this Request is presently at issue." (Doc. 48, at 5.)

Plaintiff replies, however, that Defendant redacted the document it produced, apparently to remove "irrelevant" information. (Doc. 51, at 3.) Plaintiff argues that

> [w]ere Defendant objecting to producing the document on the basis of privilege, it would still need to produce log explaining the information that was being withheld, and the basis for the assertion of privilege. Plaintiff sees no reason why this procedure should not apply in this context, or why Defendant should be relieved from identifying the information that is being withheld on the basis of relevance.

(*Id.*)

The Court agrees. If the document itself is relevant, the Court sees no justification for allowing Defendant to redact certain portions it unilaterally deems irrelevant. "The Federal Rules of Civil Procedure permit a responding party to

6

withhold production of responsive documents based on a well-founded objection to a discovery request. They do not, however, permit a responding party to make a deficient production based on a discovery objection." *Neonatal Product Group, Inc. v. Shields*, No. 13-2601-DDC, 2015 WL 7078796, at *4 (D. Kan. Nov. 13, 2015) (citations omitted). Courts in this district have found "a producing party's unilateral redactions to a discovery document" to be "inappropriate." (*Id*. (citations omitted).)

In *HR Technology, Inc. v. Imura Intern. U.S.A., Inc.*, District Judge John W. Lungstrum quoted the following from a Western District of Pennsylvania opinion that dealt with a similar partial redaction (on relevance grounds) by the producing party:

> Defendants' novel interpretation of their discovery obligations is not supported by the text of Fed.R.Civ.P. 34 and would open a fertile new field for discovery battles. Rule 34 talks about production of 'documents,' as opposed to the relevant information contained in those documents. It is at least implicit that the duty to 'produce documents as they are kept in the usual course of business' includes the substantive contents of those documents. . . . Certainly, a party that seeks to 'inspect' a document would anticipate being able to inspect the entire document. This interpretation of Rule 34 is consistent with the guidance in Fed.R.Civ.P. 1 that the Rules be construed to advance the just, speedy and inexpensive determination of cases. There is no express or implied support for the insertion of another step in the

> process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information. In sum the Court cannot countenance Defendants' 'redaction campaign.'

No. 08-2220-JWL, 2010 WL 4792388, at *5 (D. Kan. Nov. 17, 2010) (quoting *Orion Power Midwest, L.P. v. American Coal Sales Co.*, 2008 WL 4462301 (W.D. Pa. Sept. 30, 2008).) The Court finds this reasoning to be sound and thus **GRANTS** Plaintiff's motion as it relates to Request No. 10.

**C.   Consumer Lawsuits Alleging Misreporting (Request No. 13).**

This request asks for "[a]ll documents reflecting any lawsuits where a consumer sued Credit One Bank and a consumer reporting agency in the past five years relating to the misreporting of joint responsibility for consumer accounts." (Doc. 43-1, at 5.) In its responsive brief, Defendant contends that it

> does not have a 'database' that would provide a spreadsheet containing case names and numbers of all lawsuits filed in state, federal and arbitral forums against Credit One alleging FCRA violations. Even if Credit One could cull such information, it is not relevant and is not proportional to the needs of this case. The number of times Credit One has been sued alleging an FCRA violation has no bearing on whether its procedures were actually found to be unreasonable.

(Doc. 48, at 5 (citation omitted).)

Following the parties' continued efforts to confer, Defendant provided a

supplemental response to Plaintiff after its responsive brief was filed.  Plaintiff contends the supplemental response to Request No. 13 was "limited to a list of the names of plaintiffs/claimants, and the state in which the lawsuit/arbitration was brought," without including a case name, case number, or the court in which the lawsuit was filed.  (Doc. 51, at 4.)  Defendant apparently told Plaintiff that it "does not keep records of the case numbers or jurisdictions of the lawsuits/arbitrations it is a party to."  (*Id.*)

If Defendant was willing and able to compile a list of names of plaintiffs/ claimants and the state in which their lawsuit/arbitration was brought, the Court sees no valid reason why Defendant could not have – and should not be required to – include the case number and jurisdiction.  To do so would have required little to no additional effort based on the information presented to the Court.  Plaintiff's motion is **GRANTED** in regard to Request No. 13.


**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 43) is **GRANTED** as set forth above.  Supplemental responses shall be served **within thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 11th day of August, 2017.

  s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge