# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LUCRETIA L. STEWART,                )<br>                                                        )<br>                    Plaintiff,              )<br>                                                        )<br>v.                                                    )        Case No.16-2781-DDC-KGG<br>                                                        )<br>CREDIT ONE BANK, N.A., *et al.*,    )<br>                                                        )<br>                    Defendants.          )<br>_____)| |

## ORDER ON MOTION FOR PARTIAL RECONSIDERATION

Now before the Court is Defendant Credit One Bank's Motion for Partial Reconsideration (Doc. 55) of this Court's Order (Doc. 54) on Plaintiff's Motion to Compel (Doc. 43.)  For the reasons set forth below, Defendant's motion (Doc. 55) is **DENIED**.

## BACKGROUND

Plaintiff brings the present action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Plaintiff contends that Defendant Credit One Bank, N.A. ("Defendant") "willfully or negligently, violated" the FCRA "by failing to respond to reinvestigation requests and failing to supply accurate and truthful information." (Doc. 1-1, at ¶ 27.)  Plaintiff alleges that Defendant "knew or should have known that its reporting and activities would (and will) damage Plaintiff and ability to enjoy life and utilize the credit rating and

reputation property rights secured by honoring obligations to all of creditors." (*Id.*, at ¶ 31.)

Plaintiff's underlying motion to compel relates to Defendant's responses to Requests for Production Nos. 7, 10, and 13. (Doc. 43-1.) Defendant's motion for partial reconsideration relates only to Request No. 13 – "[a]ll documents reflecting any lawsuits where a consumer sued Credit One Bank and a consumer reporting agency in the past five years relating to the misreporting of joint responsibility for consumer accounts." (*Id.*, at 5.)

## DISCUSSION

As an initial matter, Plaintiff is correct that Defendant's motion is untimely. (Doc. 70, at 4.) Pursuant to D. Kan. Rule 7.3, a party "seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time." Defendant waited an entire month to file the present motion (Doc. 55) after the Court entered the underlying Order (Doc. 54). Defendant's motion is, therefore, **DENIED** on procedural grounds.

Even assuming the Court were to grant Defendant's request to find the delay in filing the motion to be excusable (Doc. 77, at 3), the Court also finds Defendant's motion should be denied on substantive grounds. As stated above, Request for Production No. 13 asks for "[a]ll documents reflecting any lawsuits

where a consumer sued Credit One Bank and a consumer reporting agency in the past five years relating to the misreporting of joint responsibility for consumer accounts." (Doc. 43-1, at 5.) In its responsive brief, Defendant contends that it

> does not have a 'database' that would provide a spreadsheet containing case names and numbers of all lawsuits filed in state, federal and arbitral forums against Credit One alleging FCRA violations. Even if Credit One could cull such information, it is not relevant and is not proportional to the needs of this case. The number of times Credit One has been sued alleging an FCRA violation has no bearing on whether its procedures were actually found to be unreasonable.

(Doc. 48, at 5 (citation omitted).)

Defendant ultimately provided a supplemental response to Plaintiff after its response to the underlying motion to compel. The supplemental response to Request No. 13 was "limited to a list of the names of plaintiffs/ claimants, and the state in which the lawsuit/arbitration was brought," without including a case name, case number, or the court in which the lawsuit was filed. (Doc. 51, at 4.) Defendant contends that it "does not keep records of the case numbers or jurisdictions of the lawsuits/arbitrations it is a party to." (*Id*.)

In its underlying Order, this Court held that if Defendant was willing and able to compile a list of names of plaintiffs/claimants and the state in which their lawsuit/arbitration was brought, the Court sees no valid reason why Defendant

3

could not have – and should not be required to – include the case number and jurisdiction. (Doc. 54, at 9.) As the Court previously held, "[t]o do so would have required little to no additional effort based on the information presented to the Court." (*Id.*)

In the motion for partial reconsideration, Defendant argues that the Court should not require it

> to compile a list of case names and numbers, first, because Credit One does not maintain such a list in the regular course if its business. See Fed. R. Civ. P. 34(b)(2)(E)(ii). Also, requiring Credit One to compile this information – information that is equally available to Plaintiff – through public records is disproportionate. Moreover, Plaintiff has already asserted that she would be satisfied with this list if she had a sworn assurance that Defendant does not track this information, which Credit One's deponent testified to on August 8, 2017.

(Doc. 55, at 2.)

"A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." ***Voelkel v. Gen. Motors Corp.***, 846 F.Supp. 1482, 1483 (D.Kan.1994), *aff'd*, 43 F.3d 1484 (Table) (10th Cir.1994). "A motion for reconsideration **must be** based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3 (emphasis added). Defendant has presented no argument that there has been an

intervening change in controlling law.

Defendant does contend that new evidence is available.  Defendant argues that the testimony of Mr. Haynal regarding Defendant's record-keeping (that Defendant categorizes these lawsuits "just simply by name and state," Doc. 55-1, at 1, 10-11) constitutes "newly discovered evidence."  While the deposition may have been completed after the Court entered the underlying Order, the information presented in Mr. Haynal's testimony should have and would have been available to Defendant when the underlying motion was briefed.  Even assuming this to constitute newly available evidence, the Court is unpersuaded that this information necessitates reaching a different result on the merits of Defendant's motion.  As such, the Court will review Defendant's request for reconsideration in the context of the final basis – correction of clear error or prevention of manifest injustice.

While Defendant argues the burden placed on it to compile such a list would be "disproportionate," this does not equate to "clear error" or "manifest injustice."  Plaintiff could have just as easily have posed this question in the form of an interrogatory asking Defendant to respond by listing such lawsuits and identifying each by the case number and jurisdiction.  The Court does not find it to be manifestly unjust or clearly erroneous to require Defendant to provide this information in response to Plaintiff's document request, regardless of how

Defendant chooses to "systematically track" such information.  Defendant's motion is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Reconsideration of Order on Motion to Compel (Doc. 55) is **DENIED**.   A supplemental response to Request No. 13, as originally ordered by this Court (Doc. 54) shall be served **within thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of December, 2017.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge